Filed 10/6/22  P. v. Payton CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br><br>      Plaintiff and Respondent, <br><br> v. <br><br> JOHNNY LAMAR PAYTON, <br><br>      Defendant and Appellant. | A165415 <br><br> (Sonoma County <br> Super. Ct. Nos. SCR-32649-1, <br> SCR-606397-1) |

Johnny Lamar Payton appeals from a postconviction order denying a motion to vacate his no contest plea for a 2004 felony conviction.  His appointed appellate counsel filed a brief raising no issues and requesting we review the record and follow the procedures for dismissing the appeal set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Payton may not be entitled to a review under *People v. Wende* (1979) 25 Cal.3d 436 — an independent judicial review of the record to identify arguable issues, applicable only to the first appeal of right from a criminal conviction.  But even assuming *Wende* applies here, we affirm because there are no meritorious arguable issues in his appeal.

## BACKGROUND

In 2004, Payton pled no contest to felony criminal threats.  (Pen. Code, § 422, undesignated statutory references are to this code.)  Pursuant to a plea agreement, Payton received a stipulated two-year prison term to run

1

concurrent with any parole violation sentence. Prior to entering his plea and while represented by counsel, Payton signed a form waiving his right to a trial. He initialed several boxes noting he freely and voluntarily gave up that right. Relevant here, he acknowledged that increased penalties for future offenses and presumptive prison time were consequences of his plea. He thereafter completed his sentence.

In 2012, following a jury trial, Payton was convicted of robbery (§ 211) and arson (§ 451, subd. (d)). The trial court sentenced Payton to 61 years to life, which included a five-year prior strike enhancement for his 2004 offense. (§ 667, subd. (a)(1).) In April 2022, Payton filed a motion to vacate his plea for his 2004 offense under section 1473.6, which authorizes vacating a judgment of conviction based on newly discovered evidence under certain circumstances. He argued the prosecutor failed to demonstrate he knowingly and intelligently waived his right to a trial, and the trial court failed to give the necessary advisements regarding the consequences of accepting the plea agreement. As a result, Payton argued, the court erred in using his 2004 conviction as a strike for sentencing purposes. The court denied the motion.

## DISCUSSION

Payton's counsel filed a brief pursuant to *Serrano*[1] and informed Payton of his right to file a supplemental brief on his own behalf, which he has not done. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.) Under *Serrano*, Payton is not entitled to a *Wende* review. (*Serrano*, at pp. 500–501.) That

---

[1] Under *Serrano*, in a criminal appeal in which *Wende* does not apply and counsel finds no arguable issues, counsel must inform the court there are no arguable issues to be pursued on appeal and file a brief setting forth the applicable facts and law. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.) The brief provides the court with an adequate basis to dismiss the appeal on its own motion. (*Ibid*.)

independent review of the record is authorized in the first appeal of right from a criminal conviction, not an appeal from an order denying a postconviction motion to vacate a guilty plea. (*Id*. at pp. 501, 503–504 [dismissing *Wende* appeal].)

But the Supreme Court is currently considering what procedures "must appointed counsel and the Courts of Appeal follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit." (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) Pending further guidance concerning the applicability of *Wende* procedures in appeals denying postconviction relief, we exercise our discretion to independently review the record for arguable issues. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7 [appellate court may retain an appeal seeking *Wende* review].) Having done so, we find none.

The trial court's decision denying Payton's motion to vacate his conviction was proper. Payton failed to proffer any newly discovered evidence of fraud, false testimony, or misconduct by a government official that undermined the prosecution's case or fabricated evidence of his guilt for the 2004 offense, i.e., the basis for a section 1473.6 motion. (§ 1473.6, subd. (a)(1)–(3).) The record further demonstrates Payton knowingly and intelligently entered into the plea bargain and waived his rights to a trial. He initialed and signed a written waiver and plea form, noting he was properly advised of and acknowledged the direct consequences of his plea. (*Boykin v. Alabama* (1969) 395 U.S. 238, 243–244; *In re Tahl* (1969) 1 Cal.3d 122, 130–131.)

## DISPOSITION

The order is affirmed.

_____

Rodríguez, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Fujisaki, J.

A165415